UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RAHMAN TERRY,

       Movant,

v.                                  Case No. 2:11-cr-00037-01
                                      Case No. 2:12-cv-01576

UNITED STATES OF AMERICA,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (ECF No. 64), and Memorandum of Facts and Supporting Law (ECF No. 65). Movant, Rahman Terry (hereinafter "the defendant"), is serving a sentence of 151 months, upon his guilty plea (Written Plea of Guilty, ECF No. 29), pursuant to a written plea agreement (Plea Agreement, ECF No. 30), to one count of possession with intent to distribute an indeterminant quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), to be followed by a three-year term of supervised release. (Judgment, ECF No. 41.)

His direct appeal was unsuccessful. *United States v. Terry*, Case No. 11-4794, 466 Fed. Appx. 234, 2012 WL 475963 (4th Cir., Feb. 15, 2012). In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), the petitioner's counsel raised issues of whether the defendant's appeal fell within the waiver contained in his plea agreement, and whether the trial court abused its discretion by sentencing the defendant as a career offender and ordering his sentence to run consecutively to an undischarged state

sentence. The Court of Appeals found that the defendant had knowingly and voluntarily waived his right to appeal and that the issues raised fell within the scope of the waiver. Accordingly, the Court granted the United States of America's motion to dismiss. *Id.* at 1.

The defendant did not file a Petition for a Writ of Certiorari in the Supreme Court. The instant section 2255 Motion was filed with the Clerk on May 18, 2012. Accordingly, the defendant's motion was timely filed. The defendant raises a singular ground for relief:

> INEFFECTIVE ASSISTANCE OF COUNSEL WHEN WITHHOLDING CRITICAL INFORMATION FROM THE DEFENDANT AND PROVIDING HIM WITH INCORRECT ADVICE INDUCING THE DEFENDANT TO ENTER INTO A PLEA AGREEMENT THAT WAS NON-FAVORABLE.

(ECF No. 65 at 3).

In his Memorandum, the defendant specifies that his attorney, Ms. Jacquline A. Hallinan, was ineffective in representing him during the plea stage of his proceedings, and induced him to accept a non-favorable plea agreement that resulted in a greater than expected sentence. Specifically, the defendant asserts:

> The attorney for the United States of America (the government) was contemplating filing a notice relying on 21 U.S.C. § 851 to enhance the statutory provision in this case. See Appendix (App) A pg. 1 ¶ 2. * * * Unaware of the government's intention, Mr. Terry informed Ms. Hallinan of his desire to plead guilty. Ms. Hallinan advised Mr. Terry that it would not be a wise decision to plead openly because the government was seeking to sentence him to a 30 (thirty) year term of imprisonment because he had been convicted of a prior felony drug conviction in the State. Ms. Haillinan further advised Mr. Terry that the government was willing to negotiate a plea agreement where the 851 would not be filed. In truth, Mr. Terry's consequences were more favorable with the government filing the notice of enhancement.
>
> * * *

>Mr. Terry was indicted as a Class C drug offender pursuant to 21 U.S.C. §841(b)(1)(C) which carries a statutory punishment of up to 20 years imprisonment and 3 years supervised release. See App-A pg. 1, ¶ 2 supra. The filing of an 851, which the government was originally contemplating, would have increased the statutory maximum penalty from twenty years to thirty years imprisonment and increased the term of supervised release to a maximum of six years. However, Ms. Hallinan informed Mr. Terry that the 851 notice increased his Base Offense Level from 12 to 38 in Criminal History Category III. Mr. Terry's averment is supported by Affidavit.
>
>In the plea agreement at paragraph ten is captioned: WAIVER OF APPEAL AND COLLATERAL ATTACK, it contained a guideline calculation employing levels 29 and 32 reticently indicating a sentence as a Career Offender. See App-A pg. 4. This recommended sentence is reticent because it does not contain a criminal history category. Id. Mr. Terry avers, he confronted Ms. Hallinan regarding the levels and he was advised he did not have to worry about that because he was only facing a range of imprisonment between 10 and 16 months in a Criminal History Category III. Ms. Hallinan never made Mr. Terry aware that an adjusted Base Offense Level 39 and a Total Offense Level 29 dictated a sentence calculation indicating Career Offender pursuant to his guilty plea. This cannot be deemed competent assistance of counsel. Moreover, the record also does not cure counsel's failure to inform Mr. Terry the government was seeking to enhance his sentence as a Career Offender in exchange for his guilty plea. Compare App-C pg. 10 line 11 to line 19 pg. 12 with App-D pg. 6 lines 8-16.

(ECF No. 2 at 4-6.)

The defendant further asserts that Ms. Hallinan, realizing that she had negotiated a plea agreement that included a Career Offender enhancement, filed a Motion for Variance, at sentencing, contending that the application of the Career Offender enhancement was unfair because "Mr. Terry was not the type of offender the career offender guideline was designed to punish." See App-B pgs. 1-2. (ECF No. 2 at 6.) Thus, the defendant argues that:

>Ms. Hallinan should not have negotiated a plea seeking a Career Offender enhancement and should have allowed the government to file its information pursuant to 21 U.S.C. § 851 and advised Terry to plea openly.

3

> Had this theory accured [sic; occurred], Mr. Terry would have been assessed in a Criminal History Category III, the Base Offense Level would have been set pursuant to U.S.S.G. § 2D.1.1(c)(14), and Ms. Hallinan would not have had to repudiate her unreasonable actions because consideration of Career Offender, the plea agreement and motion for variance would not have existed. See App-B supra. Also see App-D pg. 9 line 21 to line 19 pg. 10.
>
> Had it not been for the constitutional breakdown in Ms. Hallinan's representation demonstrated here, Mr. Terry would not have been categorized as a Career Offender, he would have been assessed in a Criminal History Category III and the sentence would have been imposed in the range of 8 to 14 months corresponding with acceptance of responsibility. Accordingly, the act and omission by defense counsel deprived Mr. Terry his constitutional right to the effective assistance of counsel. Therefore, this Motion pursuant to § 2255 must be granted.

(*Id.* at 6-7.) The defendant also asserts that he is entitled to an evidentiary hearing concerning this issue. (*Id.* at 7.)

No response from the United States has been ordered because the defendant is conclusively entitled to no relief.

## ANALYSIS

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.*, at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.*, at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of

>reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.*, at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.,* at 697. In the context of a case in which a defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Fields v. Attorney General,* 956 F.2d 1290 (4th Cir. 1992). The Sixth Amendment right to counsel extends to the plea-bargaining process. *See Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

Paragraph 2 of the defendant's plea agreement specifically states that the government agreed not to file an information pursuant to section 851, in return for the defendant's guilty plea to the charge contained in the indictment. (ECF No. 30 at 1, ¶ 2.) Paragraph 3 of the plea agreement sets forth the maximum potential penalty of twenty years. (*Id.*, ¶ 3.) The presiding District Judge discussed these provisions at the defendant's plea hearing. (ECF No. 52 at 5-6.)

The presiding District Judge also generally discussed the application of the Sentencing Guidelines with the defendant and ascertained that he had discussed their application with his counsel. (*Id.* at 11-12.) The defendant stated he had no questions about the application of the Guidelines and that his attorney had answered his questions. (*Id.* at 12-13.)

Aside from the Motion for Variance, the defendant did not object to the application of the Career Offender enhancement at his sentencing. (ECF NO. 53 at 3-4.)

The defendant has raised the issue concerning the effect of his plea agreement on his sentence as a claim of ineffective assistance of counsel. His plea agreement excluded such a claim from the provision waiving any collateral attack of his judgment. (ECF No. 30 at 4.) Thus, he is not precluded from pursuing his claim based upon waiver.

However, the defendant's claim lacks merit. The defendant was subject to a Career Offender enhancement, regardless of whether he pled guilty pursuant to his plea agreement, or whether he was sentenced with an enhancement pursuant to an information filed under 21 U.S.C. § 851. Had the government pursued the section 851 statutory enhancement, the defendant would have been subject to a 30-year maximum sentence rather than a 20-year maximum sentence. *See* 21 U.S.C. § 841(b)(1)(C).

Under U.S.S.G. § 4B1.1(b)(B), the defendant's Base Offense Level would have been a 34, instead of a 32, because the section 851 enhancement would have raised his maximum sentence from 20 to 30 years. Section 4B1.1(b)(B) provides that the Base Offense Level for a defendant whose statutory maximum sentence is 25 years or more is 34. Moreover, the defendant would still have been subject to a Criminal History Category VI, because of his status as a Career Offender. Thus, even with a reduction for

acceptance of responsibility, which may not have been available, had the defendant not pled guilty, his Guideline range as a result of the section 851 enhancement would have been 262-327 months, and the defendant would have been subject to a term of supervised release of six years, instead of three years. Therefore, as a result of his plea agreement, his sentence was more favorable.

The defendant has not asserted that he does not qualify as a Career Offender. Nor has he demonstrated that the parties could have negotiated that the Career Offender enhancement not be applied. That is a discretionary decision made by the presiding District Judge. Therefore, the defendant cannot demonstrate that Ms. Hallinan's advice to accept the plea agreement offered by the government, in order to avoid the more severe sentence that would have been imposed had the government pursued the section 851 enhancement, fell below an objective standard of reasonableness, or that there is a reasonable probability that the outcome of the defendant's criminal proceeding would have been more favorable, but for Ms. Hallinan's advice.

Accordingly,, the undersigned proposes that the presiding District Judge **FIND** that the defendant's claim of ineffective assistance of counsel lacks merit, and that he is not entitled to any relief from this court. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

<u>April 16, 2013</u>

Dwane L. Tinsley
United States Magistrate Judge